**Harry Edwin MILES, Appellant**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General, Appellee.**

**No. 12–5181.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 31, 2012.

Harry Edwin Miles, Adelanto, CA, pro se.

Warden (Victorville Medium I), Adelanto, CA, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and ROGERS and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's February 9, 2012, and April 17, 2012, decisions be affirmed. The district court correctly held that appellant had shown no entitlement to mandamus relief. *See Council of and for the Blind of Delaware County Valley, Inc. v. Regan,* 709 F.2d 1521 (D.C.Cir.1983) (en banc). To the extent appellant seeks to raise a claim under the Administrative Procedure Act, the Attorney General's alleged failure to respond to appellant's letters is not reviewable under the Act, as the Attorney General was not required to respond to the letters. *See Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 64–65, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). To the extent appellant challenges the constitutionality of 18 U.S.C. § 3231, his challenge should be brought by way of a motion pursuant to 28 U.S.C. § 2255, or, if the § 2255 remedy is inadequate or ineffective, by a habeas petition under 28 U.S.C. § 2241 in the judicial district where petitioner's custodian is located. *See* 28 U.S.C. § 2255(a), (e); *Razzoli v. Federal Bureau of Prisons,* 230 F.3d 371, 373 (D.C.Cir.2000). Contrary to appellant's assertions, the district court did not recharacterize the complaint as a § 2255 motion. Finally, the district court's denial of appellant's motion for reconsideration was not an abuse of discretion. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir. 1996) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.